742 P.2d 1039

**In the Matter of Lorenzo E. ATENCIO, An Attorney Admitted to Practice before the Courts of the State of New Mexico.**

No. 17234.

Supreme Court of New Mexico.

Sept. 3, 1987.

Rehearing Denied Oct. 7, 1987.

Virginia L. Ferrara, Chief Disciplinary Counsel, Albuquerque, for Board.

Lorenzo E. Atencio, Espanola, Michael R. Morow, Santa Fe, for respondent.

## OPINION

### PER CURIAM.

This matter comes before the Court after disciplinary proceedings were conducted pursuant to SCRA, 1986, Rules Governing Discipline, and attorney Lorenzo E. Atencio was found to have committed violations of those rules. Pursuant to SCRA 1986, 17–316(D), we adopt the Disciplinary Board's findings, conclusion and recommendation with one modification, and suspend Atencio from practice of law for an indefinite period of no fewer than six months.

Atencio was retained to represent Steve Casias in a cause of action against Chama Valley Board of Education and others, in a civil rights action in the United States District Court. Casias paid Atencio a $1500 retainer and also agreed to pay a contingency fee of one-third of any recovery. Atencio had never previously handled a civil rights action, and neither he nor his client was aware at the time they entered into this agreement that Atencio's fees could be assessed against the defendants if the action was successful. Casias also advanced money for costs in the amount of $1025.

On January 31, 1984, a jury verdict was entered against several of the defendants which awarded Casias $42,000 plus attorney fees and costs. Atencio, now aware that he could receive attorney fees, submitted an itemized request for fees in the amount of $27,262.50, and a less detailed request for reimbursement of costs in the amount of $3102.42. Atencio failed to advise the court that he had already been paid $1500 in fees by his client. The court awarded Atencio fees in the amount of $21,262.50 plus gross receipts tax. Costs were awarded to Casias in the amount of $804.50 and assessed against him (on behalf of the defendants against whom he had not prevailed) in the amount of $1775.22.

Defendants appealed the judgment to the Tenth Circuit Court of Appeals. The case was affirmed and remanded to the trial court on January 23, 1986. Atencio then requested and was awarded an additional $9519 for fees on the appeal, and Casias was awarded additional costs as requested by Atencio in the amount of $617.96 to cover the purchase of a copy of the trial transcript. Casias had previously advanced Atencio another $1000 for costs and fees on appeal.

In May of 1986, the defendants paid Atencio the money awarded to him in fees for his work at trial ($22,272.74) plus an additional $5296.96 in interest. Shortly thereafter he received a second check for $10,589.11, representing his fees and the costs on appeal, bringing the total amount paid to him to $38,158.54.

Defendants sent Atencio a check for the judgment in the amount of $42,000 payable to Atencio and Casias. The trial costs awarded to and assessed against Casias were waived by way of settlement. Atencio advised his client of the receipt of the check but refused to release the money to Casias unless he paid one-third of the award as an additional fee. Casias was forced to retain new counsel in an effort to resolve this problem.

On June 26, 1986, the federal judge ruled that Atencio could not collect a second fee and ordered that the check be endorsed and

forwarded to Casias' new attorney forthwith. Atencio, who had been subpoenaed and paid a witness fee to attend this hearing, was not present. An order reflecting the ruling was entered; after contempt proceedings, a second order was issued on July 22, 1986, to the same effect. Atencio, however, did not forward the check to Casias' attorney until August 15, 1986. Despite his awareness of the orders of the federal court, Atencio enclosed a letter with the check wherein he offered "to resolve the matter of contingent fees" for ten percent of the $42,000, plus interest. Subsequently, Atencio was found to be in criminal contempt of court for his failure to promptly comply with the June 26 and July 22 orders.

The hearing committee concluded that Atencio attempted to collect more from his client in costs than he ever expended in this litigation, but the Board panel rejected this conclusion on the basis that it was impossible to determine from Atencio's "records" what costs were actually incurred. It is clear that Atencio never placed any of the funds advanced by Casias in his attorney trust account nor did he account for them to his client, or to the hearing committee. Atencio's requests to disciplinary counsel and also to his client for additional cost reimbursements bore little resemblance to his requests filed with the federal court (or even to one another) and were not accompanied by substantiating documents. Although Atencio was paid $1000 by his client and $670 by the defendants for the cost of the transcript for use in the appeal (the only cost noted by him in connection with the appeal), Atencio advised the court reporter to seek payment directly from Casias. Sometime after the contempt citation from the federal judge, Atencio tendered a check to the reporter drawn against his personal account (rather than his trust account); the check was returned because of insufficient funds.

Atencio's argument to this Court that the above matters constitute nothing more or less than a well-meaning attempt by him to be paid in accordance with what he believed to be a valid contract, indicate that he has little understanding of either contract law

or of his professional obligations to his clients or the courts. The fees awarded to him by the federal judge were far in excess of what he could have collected from his client under the terms of the contingency agreement, and represent complete payment for his services. Atencio's subsequent efforts to collect amounted to a clearly excessive double fee and violated NMSA 1978, Code of Prof.Resp.Rule 2–106 (now SCRA 1986, 16–105). The conduct which necessitated Casias' having to retain a second attorney in order to collect the money he had been awarded, and Atencio's subsequent delays in forwarding the money to his client (even after having twice been ordered to do so by a federal judge) violated NMSA 1978, Code of Prof.Resp. Rule 7–101(A)(3) (now SCRA 1986, 16–103 and 16–302). Atencio's failure to reveal in the affidavit attached to his request for attorney's fees that he had already been paid $1500 in fees by his client, and his issuing of a worthless check to the court reporter, constitute a misrepresentation, and is conduct that is dishonest and violates NMSA 1978, Code of Prof.Resp.Rule 1–102(A)(4) (now SCRA 1986, 16–804).

Even absent all of the aforementioned violations, Atencio's complete ignorance of (or indifference to) his responsibilities as a fiduciary would warrant discipline. Atencio argued to this Court that his failure to deposit the monies received from his client in his trust account should be excused because he had made cost expenditures prior to receiving the funds and they (the monies) were simply reimbursements. There is no client ledger sheet to support this contention, and Atencio's rhetoric is not persuasive. Atencio's conduct violated NMSA 1978, Code of Prof.Resp.Rule 9–102(A) (now SCRA 1986, 16–115). Furthermore, Atencio's position that such bookkeeping and accounting tasks would be overly burdensome and should not be required of a busy attorney like himself is absurd, and raises serious questions in our minds about Atencio's abilities to appreciate the duties inherent in the position of trust which is conferred upon one licensed by this Court to practice law. We cannot

stress strongly enough the obligation of an attorney to maintain meticulous records of funds received from a client, and of how, and for what purpose, these funds are disbursed. Atencio's utter disregard for this basic principle and consequent inability to provide an accurate accounting to his client is in direct violation of NMSA 1978, Code of Prof.Resp.Rule 9–102(B)(3) (now SCRA 1986, 16–115).

In addition to Atencio's misconduct in the Casias case, Atencio was to have appeared before Magistrate Betty Gonzales in Questa, New Mexico, to represent his client in a preliminary hearing on December 12, 1985. Atencio had been notified of the hearing but failed to appear. He was held in contempt of court and fined $100. When Atencio failed to pay the fine, or appeal it, a warrant for his arrest was issued. Atencio sought to remedy this problem by complaining to the Judicial Standards Commission that Judge Gonzales was "vindictive" and was jeopardizing his right to appeal. The Commission found that the judge had acted within her authority and that Atencio's remedy would be to appeal. Atencio's appeal was ultimately dismissed as having been untimely filed. When the preliminary hearing was finally held, Atencio made several spurious arguments and exhibited rudeness and discourtesy to the court. He narrowly avoided a second contempt citation by apologizing when warned about his conduct. This behavior violated NMSA 1978, Code of Prof.Resp.Rules 6–101(A)(2), 7–106(A), 7–106(C)(6) and 7–106(C)(7) (now SCRA 1986, 16–101 and 16–305). Atencio's misconduct in both the Casias and Gonzales cases casts grave doubts upon his fitness to practice law. *See* NMSA 1978, Code of Prof.Resp.Rule 1–102(A)(6) (now SCRA 1986, 16–804).

The hearing committee recommended that Atencio be suspended for a definite period of six months, to be followed by a probationary period of one year. The Board felt that reinstatement should not be automatic, but should occur only after a reinstatement proceeding is conducted pursuant to SCRA 1986, 17–214. In that proceeding Atencio would have the burden of demonstrating that he is once again fit, and has the moral qualifications to resume the practice of law. We agree with and adopt the Board's recommendation.

IT IS THEREFORE ORDERED that Lorenzo E. Atencio be and hereby is suspended indefinitely from the practice of law pursuant to SCRA 1986, 17–206(A)(3), effective September 1, 1987. He may not petition this Court for reinstatement pursuant to SCRA 1986, 17–214(B)(2), until a period of at least six months has elapsed. Any petition for reinstatement must be accompanied by a showing that Atencio has met the following requirements:

(1) That he has taken and passed the Multistate Professional Responsibility Examination;

(2) That he has knowledge of, and the ability to properly maintain, a trust account and also knows how to keep appropriate records of trust funds and client accounts, including but not limited to: costs incurred on behalf of clients; costs advanced on behalf of clients; fees and costs billed to clients; and fees and costs paid by clients (or on their behalf); we hereby appoint Patrick Casey, Esq. to undertake this responsibility and to certify to this Court (when appropriate) that Atencio has demonstrated these abilities;

(3) That he has accepted instruction concerning the ethical responsibilities of an attorney by enrolling in and completing at least five hours of accredited CLE courses in the area of legal ethics; and

(4) That he has reimbursed the Disciplinary Board its costs in prosecuting this matter.

IT IS FURTHER ORDERED that Atencio file with this Court on or before September 10, 1987, evidence of his compliance with all the requirements of SCRA 1986, 17–212, and serve a copy of his affidavit of compliance upon the disciplinary counsel.

IT IS FURTHER ORDERED that the Clerk of the Supreme Court strike the name of Lorenzo E. Atencio from the roll of those persons admitted to practice law in New Mexico, and that this opinion be published in the State Bar of New Mexico

*News and Views* and in the *New Mexico Reports.*

Costs of these proceedings in the amount of $2657.65 are assessed against Atencio and must be paid to the Disciplinary Board prior to any application for reinstatement.

IT IS SO ORDERED.

SCARBOROUGH, C.J., SOSA, Senior Justice, and STOWERS, WALTERS and RANSOM, JJ., concur.